IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __1:25-cv-01546_____

DAVID R. RUNGE,

    Petitioner,

v.

UNITED STATES OF AMERICA

    Defendant.

---

**PETITION TO QUASH THIRD-PARTY SUMMONS ISSUED TO FIRST BANK COLORADO BY THE INTERNAL REVENUE SERVICE**

---

    Petitioner David R. Runge, pursuant to 26 U.S.C. § 7609(b), moves this Court to quash a third-party summons issued on or about April 28, 2025, by the Department of Treasury, Internal Revenue Service, to First Bank Colorado. Per 26 U.S.C. § 7609, Petitioner Runge has the right to intervene with respect to the third-party summons because it seeks records relating to him. In support of his Petition, Runge states as follows:

**PARTIES, JURISDICTION, AND VENUE**

    1.    David Runge is a natural person. He is a United States citizen residing in San Juan, Puerto Rico 00918.

    2.    This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 1331 and 26 U.S.C. § 7609(h). First Bank Colorado is found in this judicial

1

district because it has a physical presence here. It is headquartered in Lakewood, Colorado.

3. Venue is proper pursuant to 28 U.S.C. § 1391(e) because the respondent is the United States and a substantial part of the events or omissions giving rise to the claim is to occur here. Specifically, the summons calls for action by First Bank Colorado, which is headquartered in Lakewood, Colorado, in this District, and a substantial portion of compliance with the summons would therefore occur here.

## **FACTUAL BACKGROUND**

4. Petitioner David Runge's tax liability is under examination by the IRS. Upon information and belief, the IRS is examining David Runge's tax returns for the Tax Years 2014 through 2021, inclusive.

5. Until recently, an IRS Revenue Agent operating under the name Andrew Holmes was conducting this examination.

6. On or about April 7, 2023, Revenue Agent Holmes issued a third-party summons ("the 2023 Summons") upon First Bank Colorado ("First Bank"). This summons is attached to this Petition as **Exhibit 1**. It sought "all books, papers, records and other data concerning all accounts in which [David Runge] is identified as having any ownership interests, signatory privileges, rights to make withdrawals, or for which [David Runge] is shown as the trustee, co-signer, guardian, custodian, administrator, and/or beneficiary." [**Ex. 1** at 4.] The summons listed further subcategories of records, but cautioned that the request "includes, but is not limited to" those subcategories. At bottom, the summons sought all of First Bank's records pertaining to any account having anything to do with

2

Petitioner Runge.  The 2023 Summons identified the time period of relevant records as "January 1, 2014 through the date of compliance with this summons." [*Id.*]

7.  Despite the 2023 Summons's breadth, Petitioner Runge did not object to it. First Bank accordingly produced the responsive records to the IRS.

8.  Upon information and belief, Revenue Agent Andrew Holmes separated from the IRS earlier this year.  He is no longer working on the examination of Runge's tax liability.  Instead, a Revenue Agent working under the name Yin Chen has taken over the investigation.

9.  On or about April 28, 2025, Revenue Agent Chen issued *another* third-party summons on First Bank ("the 2025 Summons").  The 2025 Summons is attached to this Petition as **Exhibit 2.** It seeks the same records requested in and obtained in response to the 2023 Summons. The 2025 Summons identifies the relevant period as 2014–2021, inclusive. It also seeks the records of "all accounts in the name(s) of David R. Runge" and "requires the production of records from all accounts for the period of January 1, 2014 through December 31, 2021." [**Ex. 2** at 3.]  It, too, lists subcategories of records and cautions that the requests "include (but are not limited to)" those subcategories. [*Id.*] The subcategories identified in the 2025 Summons are substantially similar to the subcategories identified in the 2023 Summons.

10.  Accordingly, the 2025 Summons seeks information that is already in the possession of the IRS.  Additionally, because it seeks information the IRS already has, the summons serves no legitimate purpose and instead has a harassing and abusive effect upon Petitioner Runge.

3

## THE 2025 SUMMONS MUST BE QUASHED

11. The grounds upon which a district court must quash an IRS summons are well established. The burden of resisting a motion to quash the summons rests with the Government. "As a threshold matter, the IRS must first show that it has not made a referral of the taxpayer's case to the Department of Justice ('DOJ') for criminal prosecution." *Standing Akimbo, LLC v. United States*, 955 F.3d 1146, 1154 (10th Cir. 2020). Then, the IRS must demonstrate good faith in issuing the summons, "which means establishing what have become known as the *Powell* factors. *Id.* (cleaned up) (referring to *United States v. Powell*, 379 U.S. 48 (1964)). "*Powell* requires that the IRS establish: (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already within the IRS's possession, and (4) that the administrative steps required by the Internal Revenue Code have been followed." *Id.* (cleaned up).

12. Here, the IRS will be unable to meet its burden to establish that the Summons was issued in good faith. It seeks material that is already in the IRS's possession, and accordingly cannot have been issued in good faith and for a legitimate purpose.

13. Although Runge and his representatives have pointed out to the IRS that the 2025 Summons is duplicative of the 2023 Summons and the information it seeks is already in the possession of the IRS, the IRS has refused to withdraw the summons. The IRS has offered no further justification for maintaining the summons.

WHEREFORE, the Petitioner respectfully requests the Court grant this Petition and

    A.    Quash the 2025 Summons;

    B.    Award appropriate litigation costs and fees pursuant to 26 U.S.C. § 7430;

    C.    Order such further relief as may be just and proper.

Dated: May 15, 2025        Respectfully Submitted,

*(signature)*

**Jennifer E. Benda**
Holland & Hart LLP
555 17th Street
Suite 3200
Denver, CO 80202
Telephone: (303) 295-
Email: jebenda@hollandhart.com

**Matthew E. Wright**
Holland & Hart LLP
555 17th Street
Suite 3200
Denver, CO 80202
Telephone: (303) 295-8161
Email: mewright@hollandhart.com

*Counsel for Petitioner*

34858213_v1