

12345 WEST COLFAX AVENUE  LAKEWOOD, COLORADO 80215  303-232-3000

April 13, 2023

David A Runge
2525 Arapahoe Ave Ste E4-145
Boulder, CO 80302

To Whom It May Concern;

We have received a request for your financial records, and it is necessary for us to comply with it. Enclosed you will find a copy for your records that details the information and the time frame under which we must comply with this request.

If you have any questions, please contact a representative at (303)231-2070.

Sincerely,

John Leiker
Support Services Supervisor

jl/je
Enclosures

Exhibit 1
Page 1 of 10



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
1550 American Blvd East Suite 600
Bloomington, MN 55425

SMALL BUSINESS/SELF-EMPLOYED DIVISION

Date April 7, 2023

First Bank of Colorado
PO Box 150097
Lakewood, CO 80215

Person to Contact:
Name:   Andrew Holmes, Revenue Agent
Phone:  (651) 206-6638
Fax:    (855) 748-7030
Email:  andrew.f.holmes@irs.gov

To Whom It May Concern:

Enclosed please find our request for any and all bank related documents for which the following taxpayer has signature authority over:

Name:                       David Runge
Social Security Number:     ▆▆▆▆▆2655

Personal Appearance

- Personal appearance is not necessary if the following documents are received at the above address no later than the date for appearance set forth on the Summons:
    1. A completed and signed Certification of Records (which is enclosed),
    2. All of the documentation and information requested in the Summons, AND
    3. A cover letter that identifies the taxpayer case and the summoned witness, states whether the response is incomplete, and specifies which, if any, of the requested records do not exist or were not provided.

  The requested information, cover letter, and Certification of Records may be submitted by mail, fax, or secure portal.

Please Contact the issuing agent shown above if expenses will exceed $500 to obtain approval for additional expenses. These must be approved in writing in advance of you incurring these expenses.

Thank you for your cooperation, and if you should have any questions, please contact me at (651) 206-6638

Sincerely yours,

Andrew Holmes
Internal Revenue Agent

Enclosures:
Form 2039, Summons
Form 6863, Invoice and Authorization for Payment of Administrative Expenses
Certification of Records

Exhibit 1
Page 2 of 10

# Summons

In the matter of  liability of David Runge under 26 USC Secs. 6694, 6695, 6700, 6701, 6707, and 6708.
Internal Revenue Service *(division)*  Small Business/Self-Employed
Industry/Area *(name or number)*  Southwest Area Examination ATI Territory: Group 7
Periods  January 1, 2014 through the date of compliance with this summons.

## The Commissioner of Internal Revenue

To  First Bank of Colorado
At  10403 West Colfax Avenue, Lakewood, CO, 80215

You are hereby summoned and required to appear before  Revenue Agent Andrew Holmes Badge #1000883422 or designee  an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attached Statement

Note: IRC Section 7610 authorizes the Internal Revenue Service to reimburse certain expenses of third parties in complying with summonses. Treasury Regulations Section 301.7610-1 provides rules for determining which expenses may be reimbursed and the rates at which each type of expenditure will be reimbursed. If at any time it becomes apparent that allowable expenses determined under Treasury Regulations Section 301.7610-1 will exceed $2,500, please contact the Revenue Agent before whom you are summoned to appear.

## Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

Sign: *[signature: Andrew Holmes]*  (Digitally signed by Andrew F. Holmes, DN: c=US, o=U.S. Government, ou=Department of the Treasury, ou=Internal Revenue Service, ou=People, serialNumber=618407, cn=Andrew F. Holmes, Date: 2023.04.06 09:32:59 -05'00')
Title: Internal Revenue Agent

Business address and telephone number of IRS officer before whom you are to appear
1550 American Blvd East Suite 600 M/S 4757, Bloomington, MN 55425
Phone (651) 206-6638

Place and time for appearance at  1550 American Blvd East Suite 500 M/S 4110, Bloomington, MN 55425

on the 1st day of May, 2023 at 11 o'clock A .m.

Issued under authority of the Internal Revenue Code this 7th day of April, 2023

Sign: *[signature: Andrew Holmes]*  (Digitally signed by Andrew F. Holmes, Date: 2023.04.06 09:33:36 -05'00')
Title: Internal Revenue Agent

*[signature: Erika Ramirez Castillo]*  (Digitally signed by Erika M. Ramirez Castillo, Date: 2023.04.06 09:28:45 -07'00')
Title: Group Manager

Form **2039** (Rev. 3-2020)   Catalog Number 21405J   publish.no.irs.gov   Department of the Treasury - Internal Revenue Service
Part A — to be given to person summoned

Exhibit 1
Page 3 of 10

# ATTACHMENT TO SUMMONS

Issued to: First Bank of Colorado
In the matter of: David Runge
Address: 10403 West Colfax Avenue, Lakewood, CO 80215
Periods: January 1, 2014 through the date of compliance with this summons.

For the periods specified above, please furnish all books, papers, records, and other data concerning all accounts in which the above-named individual(s) is identified as having any ownership interests, signatory privileges, rights to make withdrawals, or for which the above-named individual(s) is shown as the trustee, co-signer, guardian, custodian, administrator, and/or beneficiary. Records may pertain to an individual, sole proprietor with DBA, member of LLC, officer and/or board member of corporation, partner of general partnership, limited partnership and/or trust. This request for records includes, but is not limited to:

1. **PRIVATE BANKING** including all agreements, contracts, records, books, ledgers, and other documents relating to all of the "Private Banking" agreements and relationships.

2. **SAVINGS ACCOUNT RECORDS** including signature cards, copy of the forms of Identification provided to open account(s) (driver's license, passport, etc.), ledger cards or records showing dates and amounts of deposits, withdrawals, interest, debit and credit memos, wire transfers, deposit slips, checks deposited, withdrawal slips, and checks issued for withdrawals, Forms 1099 issued, and exempt status documentation.

3. **CHECKING ACCOUNT RECORDS** including signature cards, copy of the forms of Identification provided to open account(s) (driver's license, passport, etc.), bank statements, deposit slips, deposit detail (this includes **ATM and Mobile deposits**), checks deposited, checks drawn on the account, records of all debit and credit memos, wire transfers, Forms 1099 issued, and exempt status documentation. **For Debit Cards-Name of card holder for each Debit Card issued**.

4. **LOAN RECORDS** including applications, copy of the forms of Identification provided to open account(s) (driver's license, passport, etc.), financial statements, loan collateral, credit, and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks or wire transfers issued for loans, repayment records, including records showing the date, amount and method of repayment, checks and wire transfers used to repay loans and records showing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda.

5. **SAFE DEPOSIT BOX RECORDS** including contracts, access records, and records of rental fees paid showing the date, amount, and method of payment (cash or check).

6. **CERTIFICATES OF DEPOSIT, MONEY MARKET CERTIFICATES, AND RETIREMENT ACCOUNTS** including applications, actual instruments(s), records of purchases and redemptions, checks issued on redemption, checks used to purchase certificates, any correspondence and any Forms 1099 issued, records showing the annual interest paid or accumulated, the dates of payment or dates interest was earned, checks or wire transfers issued for interest payments.

1

Exhibit 1
Page 4 of 10

## ATTACHMENT TO SUMMONS

7. **U.S. TREASURY NOTES AND BILLS** including all records of the purchase of U.S. Treasury Bills and Notes and/or subsequent sale of such bills or notes, including interest paid, checks or wire transfers used for the purchase or sale of the notes and bills, Forms 1099 issued, checks issued for interest payments, records of interest paid or accumulated showing the dates and amount of interest paid or accumulated.

8. **STOCKS AND BONDS** including all agreements, contracts, applications for account, signature cards, mutual fund accounts, commodity accounts, margin accounts, or other accounts. Such records include cash receipts, confirmation slips, securities delivered receipts, statements of account, notifications of purchase or sale, representative's stock record, account executive worksheets, correspondence, ledger sheets, cash in slips, buy and sell slips, or other records of these transactions. Documentation and correspondence about stock, municipal or corporate bond transactions, and financial counseling on any of the above.

9. **CREDIT CARD RECORDS** including the above-named individual(s)' application, signature card, any credit or background investigations conducted, correspondence about the credit card accounts, monthly billing statements, individual charge invoices, repayment records showing the dates, amounts, and method (wire transfers, cash or check) of repayment, and wire transfers or checks used to make repayments (front and back). For credit cards issued, name of each card holder.

10. **PURCHASES OF BANK CHECKS** including cashier's, teller's, or traveler's check records, or money order records including the check register, **file copies of the checks or money orders, records showing the date and source of payment for such checks or money orders**.

11. **OTHER RECORDS** including certified checks, **wire transfers**, or collections, letters of credit, bonds and securities purchased through your bank, savings bond transactions and investment accounts. **Copies of checks/cashiers checks cashed by taxpayer.** Such records include those that show the date and amount of the transaction, method (cash or check) and source of payment, destination, recipient, instruments, and statements of transactions.

**RECORD FORMAT**: Please provide electronic pdfs if available. Records are requested in the form of compact disk (CD), digital versatile disc (DVD), or hard drive, whenever available. A record layout for the data is also requested. The record layout should specify the type of information provided and actual electronic file name. Each type of information should be recorded in a separate document; however, multiple dates may be included in the same file. The record layout should be placed in the same order as the information listed above.

2

Exhibit 1
Page 5 of 10

# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

  (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

  (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

  (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.

  (1) General notice - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer unless such contact occurs during a period (not greater than 1 year) which is specified in a notice which—

    (A) informs the taxpayer that contacts with persons other than the taxpayer are intended to be made during such period, and

    (B) except as otherwise provided by the Secretary is provided to the taxpayer not later than 45 days before the beginning of such period.

Nothing in the preceding sentence shall prevent the issuance of notices to the same taxpayer with respect to the same tax liability with periods specified therein that, in the aggregate, exceed 1 year. A notice shall not be issued under this paragraph unless there is an intent at the time such notice is issued to contact persons other than the taxpayer during the period specified in such notice. The preceding sentence shall not prevent the issuance of a notice if the requirement of such sentence is met on the basis of the assumption that the information sought to be obtained by such contact will not be obtained by other means before such contact.

  (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

  (3) Exceptions. - This subsection shall not apply-

    (A) to any contact which the taxpayer has authorized,

    (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

    (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

  (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

  (2) Justice Department referral in effect. - For purposes of this subsection

    (A) In general. -A Justice Department referral is in effect with respect to any person if-

      (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

      (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

    (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

      (i) the Attorney General notifies the Secretary, in writing, that

        (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

        (II) he will not authorize a grand jury investigation of such person with respect to such an offense or

        (III) he will discontinue such a grand jury investigation.

      (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

      (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

  (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

(f) Limitation on access of persons other than Internal Revenue Service officers and employees. The Secretary shall not, under the authority of section 6103(n), provide any books, papers, records, or other data obtained pursuant to this section to any person authorized under section 6103(n), except when such person requires such information for the sole purpose of providing expert evaluation and assistance to the Internal Revenue Service. No person other than an officer or employee of the Internal Revenue Service or the Office of Chief Counsel may, on behalf of the Secretary, question a witness under oath whose testimony was obtained pursuant to this section.

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -

  (1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

  (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -

    (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

    (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

    (C) Any person extending credit through the use of credit cards or similar devices;

    (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

    (E) any attorney;

    (F) any accountant;

    (G) any barter exchange (as defined in section 6045(c)(3));

    (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

    (I) any enrolled agent; and

    (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The Secretary shall by regulations establish the rates and conditions under which payment may be made of -

  (1) fees and mileage to persons who are summoned to appear before the Secretary, and

  (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if

  (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

  (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. -This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421 (g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms; sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

Form **2039** (Rev. 3-2020)    Catalog Number 21405J    publish.no.irs.gov    Department of the Treasury - Internal Revenue Service

Exhibit 1
Page 6 of 10

## Notice of Payment Information for Recipients of IRS Summons

If you are a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is limited to the total amount of personnel time spent locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies. Time for computer search may be paid.

Rates for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material may be paid at the allowed rates. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

### Instructions for requesting payment

After the summons is served, you should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.

Form **2039** (Rev. 3-2020)    Catalog Number 21405J    publish.no.irs.gov    Department of the Treasury - Internal Revenue Service
Part B — to be given to person summoned

Exhibit 1
Page 7 of 10

# Sec. 7609. Special procedures for third-party summons

(a) Notice.-

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. -

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i); or

(E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. -In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirement in the case of a John Doe summons. Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

The Secretary shall not issue any summons described in the preceding sentence unless the information sought to be obtained is narrowly tailored to information that pertains to the failure (or potential failure) of the person or group or class of persons referred to in paragraph (2) to comply with one or more provisions of the internal revenue law which have been identified for purposes of such paragraph.

(g) Special exception for certain summonses. -

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).- The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records. On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

# CERTIFICATION OF RECORDS

I, _____,
*[Name of Custodian of Records]*

of _____ (the "Company"),
*[Name of Bank or Third Party Recordkeeper]*

hereby state and depose as follows:

1. I am employed with the Company in the position of

_____, and I have personal knowledge
*[Name of Position and Title]*

of the Company's record keeping system.

2. The attached _____
*[Description of records provided, include number*

_____
*of pages or names of data files]*

are records taken from the Company's files, and they concern _____

_____.
*[Name of Taxpayer, Business, Individual etc. to Which the Records Relate]*

3. These records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.

4. These documents are kept in the course of the Company's regularly conducted business.

5. It is the Company's regular practice to keep such records.

1

Exhibit 1
Page 9 of 10

| Form **6863** (Rev. 4-2014) | Department of the Treasury – Internal Revenue Service **Invoice and Authorization for Payment of Administrative Summons Expenses** |
|---|---|

**Section A – Invoice** *(Items 1 - 11 must be completed by payee)*
**IMPORTANT: Failure to complete each field in Section A may result in payment delays.**

1. Payee's invoice no.: *
2. Payee's Federal Tax ID: *
3. Name and address of payee *
4. Name and address of taxpayer to whose liability the summons relates *

5. Payment method:
   Remittance should be made by EFT *(electronic funds transfer)* to the following account:
   ☐ Checking     ☐ Savings     ☐ General ledger

   *IRS Agent/Officer: Do not hold form 6863 trying to obtain or clarify information for item 5. Beckley Finance Center will pursue any needed information from the payee and return the invoice to the payee if necessary.*

   ABA Routing # _____   Account # _____
   Note: If receipt of payment via EFT creates a hardship and you are a sole proprietor, please contact the Beckley Finance Center at (304) 254-3300 and ask to speak with a Summons Technician.

**Service/Financial Records Provided**

6. Reproduction
   a. Photocopies or paper copies of microfiche *(per frame)*: * _____ documents at $0.20 per page     a.
   b. Storage media *(compact disk, flash drive, etc.)*: Actual cost *     b.

   *Search and processing*
   c. Clerical/technical: * _____ hours at $8.50 per hour     c.

   *Search and processing*
   d. Other costs *(including transportation)* - please specify: *     d.

I certify that this invoice, and any other information therein, is true and correct to the best of my knowledge and belief, and that payment has not been received for the above services.     **Total Amount Claimed   6e.**

7. Printed name of financial institution official or payee *
8a. Title *
8b. Business e-mail address *

9. Signature of financial institution or payee. Handwritten or electronic signature accepted *
10. Date signed *
11. Telephone number *

\* Indicates a required field

**Section B – Authorization and Certification**
*(Section B below for IRS use only)*

12. Date summons issued: *
13. Date complied with: *
14. Date invoice received: *
15. Total amount claimed: *
16a. Disallowance *(if any)*: *
16b. Disallowance reason: *
17. Amount to payee: *

18. Accounting Classification: *(For questions, contact your Budget Office)*
Requisition # * _____ OR Cost Center * _____ AND Functional Area * _____

I certify that the articles and services listed were received and that claims for excessive and unauthorized amounts have been disallowed for payment to the requestor.

19. Printed name of IRS Representative *
20. Title *
21. Telephone number *
22. Signature of IRS Representative *
23. Date signed *

Payment is approved and it is within my delegated authority to approve payment of this invoice.

24. Printed name of IRS Representative *
25. Title *
26. Telephone number *
27. Signature of IRS Representative *
28. Date signed *
29. Submitted by:   ☐ Fax   ☐ Email   ☐ Mail
30. Date submitted to Beckley: *

Catalog Number 25140B          www.irs.gov          *(Prior revisions are obsolete)*          Form **6863** (Rev. 4-2014)

**Exhibit 1**
**Page 10 of 10**