IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:25-cv-01546-JLK

DAVID R. RUNGE,

    Petitioner,

*v*.

UNITED STATES OF AMERICA,

    Respondent.

**UNITED STATES' MOTION FOR PARTIAL SUMMARY DENIAL OF THE PETITION TO QUASH AND FOR PARTIAL ENFORCEMENT OF IRS SUMMONS**

The IRS is examining Petitioner David R. Runge's federal income tax liabilities. As part of that examination, an IRS revenue agent issued a summons to obtain Runge's bank records at First Bank Colorado. Unbeknownst to the revenue agent assigned to the income tax examination, the IRS had already summoned and obtained some of Runge's records from First Bank Colorado in a separate but related examination into Runge's civil liability for tax-return preparer and promoter penalties.

Runge has petitioned this Court to quash the IRS's summons, arguing that it serves no legitimate purpose since the summons seeks information already obtained by the IRS. The United States does not contest that the summons need not be enforced to the extent it seeks information already within the possession of the IRS. That said, many of the documents requested in the summons are not within the possession of the IRS, and these parts of the IRS's summons are enforceable. The Court should therefore summarily deny Runge's petition to quash and enforce the summons as to these outstanding documents.

## STATEMENT CONCERNING DUTY TO CONFER

In accordance with D.C. Colo.L.CivR 7.1, the United States conferred with counsel for Runge on July 15, 2025, regarding the substance of this motion. The parties could not reach a resolution of this matter.

## FACTUAL BACKGROUND

The IRS is currently looking into the federal tax liabilities of Runge for 2014 through 2021 to determine his correct tax liabilities for these years. Declaration of IRS Revenue Agent Yinnie Chow ("Chow Decl.") at ¶ 6. IRS Revenue Agent Yinnie Chow is conducting this examination. *Id.* She took over this examination from another revenue agent named Tony Giametti on March 19, 2025. *Id.* at ¶ 7.

When RA Chow took over the examination, she received a casefile which included limited bank statements from First Bank Colorado. *Id.* These bank statements were provided by Runge in response to an Information Document Request ("IDR") earlier in the examination. *Id.* Critically, the casefile did not contain record of, or documents received in response to, any summons previously issued to First Bank Colorado. *Id.* Based on the limited documents, RA Chow determined that First Bank Colorado could have relevant information and records needed to determine Runge's correct tax liability for 2014–2021. *Id.* at ¶ 8. Having been unable to obtain further First Bank Colorado records from Runge himself, RA Chow sought the information directly from First Bank Colorado. *Id.*

On April 28, 2025, RA Chow issued a summons to First Bank Colorado to obtain records and information that may be relevant to her examination into Runge's tax liability. *Id.* at ¶ 9. A copy of this April 28th summons is located at ECF No. 1-2.[1] After issuing this summons, RA

---

[1] It looks like First Bank Colorado included a copy of the April 28th summons instead of the correct April 29th summons when it sent a letter to Runge giving him notice that they had (continued...)

2

Chow discovered some errors that needed correcting. So, the next day she reissued the summons to First Bank of Colorado. *Id.* This April 29, 2025 summons, attached as Exhibit 1 to the Declaration of RA Chow, is the correct summons at issue here and is referred to as the Contested Summons. *Id.* A true and correct copy of the attachment to the Contested Summons is attached as Exhibit 2 to the Declaration of RA Chow. *Id.* The Contested Summons sought all records for accounts in the name of Runge fitting within fourteen categories of documents including, e.g., monthly bank statements, signature cards, and cancelled checks. *See* Chow Decl., Ex. 2.

Prior to issuing this Contested Summons, the IRS notified Runge that it intended to contact other people between January 7, 2025 and January 7, 2026 to obtain or verify information relating to Runge's tax liability for 2014–2021. Chow Decl. at ¶ 10. The IRS provided this notice by sending Runge a Letter 3164-E (Third Party Contact) on November 22, 2024. *Id.* A true and correct copy of this letter is attached as Exhibit 3 to the Declaration of RA Chow.

Unbeknownst to RA Chow at the time she issued the Contested Summons, the IRS had already issued a summons to First Bank Colorado for documents related to Runge in a separate but related examination into Runge's liability for tax-return preparer and promoter penalties. Chow Decl. at ¶ 11. This earlier summons, a copy of which is located at ECF No. 1-1, is referred to as the Earlier Summons. RA Chow was not assigned to work on this separate examination into Runge's civil liability for promoter or preparer penalties. Chow Decl. at ¶ 11.

First Bank Colorado provided bank statements in response to the Earlier Summons. *Id.* at ¶ 12. But RA Chow did not learn about the Earlier Summons, or these bank statements, until after she had issued the Contested Summons and Runge had petitioned this court to quash it. *Id.*

---

received a request for Runge's financial records. To be clear, the April 29th summons is the correct one at issue here.

3

Although some of the documents requested in the Contested Summons were already produced to the IRS in response to the Earlier Summons, several other documents are still outstanding.

The first category of documents requested in the Contested Summons are monthly bank statements for accounts in the name of Runge between January 1, 2014 and December 31, 2021. Chow Decl., Ex. 2 at 2. Between the documents previously produced by First Bank Colorado in response to the Earlier Summons and the documents produced by Runge in response to the earlier IDR, it appears that the IRS has most, if not all, of the documents requested in this first category of documents in the Contested Summons. Specifically, the IRS has the following documents for First Bank Colorado accounts in the name of Runge:

| Account Number (Last Four) | Statements Provided by Runge in Response to IDR | Statements Provided by First Bank Colorado in Response to Earlier Summons |
|---|---|---|
| 0698 | 06.30.2017 - 12.31.2021 | 01.31.2014 – 03.31.2023 |
| 0736 |  | 12.31.2013 – 07.29.2016 |
| 0744 | 06.30.2017 - 12.31.2021 | 12.31.2013 – 03.31.2023 |
| 2618 |  | 12.02.2015 – 12.02.2015 |
| 2885 |  | 11.30.2016 – 03.31.2021 |
| 4655 | 03.20.2020 - 12.15.2021 | 03.20.2020 – 04.28.2023 |
| 4779 |  | 12.31.2013 – 07.31.2014 |
| 5740 | 06.30.2017 – 12.16.2021 | 12.31.2013 – 03.31.2023 |
| 9279 | 03.20.2020 - 12.16.2021 | 03.20.2020 – 03.16.2023 |
| 9287 | 06.30.2017 - 05.17.2021; 06.16.2021 - 12.16.2021 | 03.20.2020 – 01.31.2023 |

*Table 1*

Chow Decl. at ¶ 13.

As shown in Table 1, above, there are several accounts for which the IRS does not have bank statements for every month between January 1, 2014 and December 31, 2021. For example,

the IRS does not have the bank statement for January 1, 2014 through January 30, 2014 for the account ending 0689. This may be for good reason. For example, these bank statements may not exist due to the account(s) being opened or closed during these periods. But to the extent First Bank Colorado has bank statements for these missing periods, the IRS seeks to enforce the Contested Summons to obtain them since they are responsive to the Contested Summons and not currently in possession of the IRS. Any such statements shall be considered part of the Outstanding Documents described in detail below.

Additionally, since the IRS "may seek confirmation from third-party recordkeepers of information it has received from the taxpayer," the bank statements for the account ending 9287 (except for March 20, 2020 through January 31, 2023) are also considered part of the Outstanding Documents. *Hanna v. United States*, 647 F. Supp. 590, 596 (D. Utah 1986); *see also United States v. City Nat'l Bank & Tr. Co.*, 642 F.2d 388, 390 (10th Cir. 1981) ("[T]he Commissioner is entitled to subpoena such items if there is some realistic expectation that they *may* illuminate the accuracy or inaccuracy of the taxpayer's return." (emphasis added)).

Other than the first category of documents in the Contested Summons for monthly statements, the IRS has not received documents from First Bank Colorado responsive to the other thirteen categories. Chow Decl. at ¶ 15. The IRS, however, is narrowing this summons and only seeks to enforce the summons on a subset of these remaining thirteen categories. *Id.* Specifically, the IRS has not received, and seeks to enforce the summons to obtain, the following documents for all the accounts in the name of Runge at First Bank of Colorado:

| Requests to be Enforced | Corresponding Request in Contested Summons |
|---|---|
| Deposit offsets (front and back) $500.00 or greater | Request #2 |
| Deposit tickets | Request #3 |

5

| | |
|---|---|
| Cancelled checks (front and back) $500.00 or greater | Request #4 |
| Debit and credit memos | Request #6 |
| Loan applications, including lines of credit, and all documents related to loan(s) | Request #7 |
| Cashier's checks and applications | Request #10 |
| Closing transaction on the account (check, wire transfer, etc. regardless of amount) | Request #14 |

*Table 2*

This narrower class of documents described in Table 2 is referred to as the Outstanding Documents and also includes the monthly statements that may exist at First Bank Colorado which are responsive to the Contested Summons but that the IRS does not already have.

On May 15, 2025, Runge petitioned this Court to quash the Contested Summons. ECF No. 1. In the petition, Runge argued that the Contested Summons must be quashed because it seeks information already in the IRS's possession from the Earlier Summons. *See id.* at 4. The United States withdraws the Contested Summons to the extent it seeks information already in the possession of the IRS, and acknowledges that it need not be enforced for these records. But it would be inappropriate to quash the summons, because there are many documents responsive to the Contested Summons that are not already in the possession of the IRS. The United States respectfully asks the Court to summarily deny Runge's petition to quash the summons and enforce the summons as to the Outstanding Documents.

**LEGAL BACKGROUND**

Our complex and comprehensive system of federal taxation relies heavily on self-assessment and reporting. *United States v. Arthur Young & Co.*, 465 U.S. 805, 815 (1984). To ensure fair and equitable distribution of the national tax burden, the United States must be able to

verify the correctness of taxpayers' returns by receiving testimony and reviewing books, papers, and records, and must have the concomitant power to compel these disclosures. *See, e.g.*, *id.* at 815–16. Congress, recognizing as much, has endowed the Internal Revenue Service with "expansive information-gathering authority." *Id.* at 816.

Section 7602 of the Internal Revenue Code—the centerpiece of the IRS's expansive information-gathering authority—empowers the IRS, for the purpose of ascertaining the correctness of any return, "[t]o examine any books, papers, records, or other data which may be relevant or material to such inquiry." 26 U.S.C. § 7602(a)(1). This power is broad. The Internal Revenue Service may summon third parties to provide books, papers, records, and other data that may be relevant to the investigation of a taxpayer.

When the Internal Revenue Service issues one of these third-party summonses, it must provide notice to the taxpayer. *Id.* § 7609(a). The taxpayer then has the right to initiate a proceeding to quash the third-party summons. *Id.* § 7609(b). When the taxpayer files a petition to quash the summons, like Petitioner did here, the United States may ask the court to enforce the summons. *Id.* § 7609(b)(2)(A); *see id.* § 7604(a).

These suits, whether brought to quash or enforce the summons, are summary proceedings.[2] *See United States v. Stuart*, 489 U.S. 353, 369 (1989). The United States bears the initial burden of showing that the summons is prima facie valid. *Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987). This burden is a "slight one." *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985). The United States can satisfy this burden "by submitting a simple affidavit from the investigating agent." *United States v. Clarke*, 573 U.S.

---

[2] Summary proceedings exist outside the scope of the Federal Rules of Civil Procedure because the "very purpose of summary rather than plenary trials is to escape some or most of the[] trial procedures" imposed by the Rules. *N.H. Fire Ins. Co. v. Scanlon*, 362 U.S. 404, 406 (1960).

248, 254 (2014); *accord Standing Akimbo, LLC v. United States*, 955 F.3d 1146, 1155 (10th Cir. 2020).

Through such an affidavit or otherwise, the United States must initially establish that the IRS has not referred the taxpayer's case to the Department of Justice for criminal prosecution. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 312–13 (1978); *Anaya*, 815 F.2d at 1377. The United States must then "show that the IRS is proceeding in good faith by demonstrating: (1) that the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry will be relevant to that purpose; (3) that the information sought is not already in the possession of the IRS; and (4) that the summons was issued in compliance with the administrative steps required by the Internal Revenue Code." *Anaya*, 815 F.2d at 1377 (citing *United States v. Powell*, 379 U.S. 48 (1964)). These four factors are often referred to as the *Powell* factors.

Once the *Powell* factors are met, the burden shifts to the party seeking to quash the summons to "factually refute the *Powell* showing or factually support an affirmative defense– conclusory allegations are insufficient." *Standing Akimbo*, 955 F.3d at 1155. That burden "is a heavy one." *Balanced Fin. Mgmt.*, 769 F.2d at 1444. If the party seeking to quash the summons cannot refute the *Powell* showing through specific factual allegations, or cannot factually support a proper affirmative defense, "the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing." *Standing Akimbo*, 955 F.3d at 1155 (quoting *Balanced Fin. Mgmt.*, 769 F.2d at 1444).

The Tenth Circuit has appeared to graft the summary-judgment standard onto these summary proceedings, suggesting that in evaluating whether the taxpayer has met their burden to quash the court should consider the record in the light most favorable to the taxpayer and ask whether the IRS has shown that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law. *High Desert Relief, Inc. v. United States*, 917 F.3d 1170, 1181 (10th Cir. 2019); *see also, e.g., Speidell v. United States*, 978 F.3d 731, 739–40 (10th Cir.

2020). These holdings have the potential to improperly shift the burden to the United States and create confusion about the correct standard to apply. It is important to note that the Tenth Circuit's decision in *High Desert Relief* did not purport to change the well-established principle that summons proceedings are to be "summary in nature." *High Desert Relief*, 917 F.3d at 1181 (quoting *Stuart*, 489 U.S. at 369). Moreover, the decision went on to reaffirm the general framework outlined above, including the *Powell* factors and that the United States' burden is a "slight one" and the taxpayer's a "heavy one." *Id.* at 1182-1183 (quoting *Balanced Fin. Mgmt.*, 769 F.2d at 1443, 1444). The United States more than meets its burden here, and Runge cannot overcome it.

## ARGUMENT

Runge filed this petition to quash arguing that the Contested Summons inappropriately sought documents already in the IRS's possession. The United States agrees in part and withdraws the summons to the extent of documents already produced by First Bank Colorado in response to the Earlier Summons. But there are many documents responsive to the Contested Summons that are still outstanding and not within the IRS's possession. The Court should summarily deny the petition to quash and enforce the Contested Summons as to these Outstanding Documents because these portions of the Contested Summons were issued in good faith and Runge cannot meet his burden to show that the Contested Summons should otherwise be quashed as to the Outstanding Documents.

### A.  The IRS issued the Contested Summons in good faith.

Through RA Chow's declaration, the United States has met its burden of showing that the portions of the Contested Summons seeking the Outstanding Documents are prima facie valid. The declaration states that the IRS has not referred Runge to the Department of Justice for criminal prosecution. Chow Decl. at ¶ 23. The declaration also makes clear that the IRS has

satisfied the *Powell* factors, at least to the extent the Contested Summons seeks the Outstanding Documents.

### 1. The IRS issued the summons for a legitimate purpose.

The first *Powell* factor—that the summons was issued for a legitimate purpose—is easily met here. Bank statements and other financial records can assist the IRS in verifying or determining the tax liability of taxpayers, such as Runge. *See, e.g.*, *City Nat'l Bank*, 642 F.2d at 390 (holding the IRS can subpoena bank records if there is "*some* realistic expectation that they *may* illuminate the accuracy or inaccuracy of the taxpayer's return" (emphasis added)). For example, the IRS might discover previously unreported income by reviewing a taxpayer's bank statements. At the time the Contested Summons was issued, RA Chow had some of Runge's First Bank Colorado account statements and, based on these limited account statements, determined that such information "might throw light on the correctness of [Runge]'s returns." *Id.* at 389 (quoting *United States v. Davey*, 543 F.2d 996, 1000 (2nd Cir. 1976)). The IRS therefore issued the Contested Summons to obtain account statements and documents related to Runge for the legitimate purpose of determining Runge's correct federal income tax liabilities. Chow Decl. at ¶ 8.

### 2. The information the summons seeks is relevant to its purpose.

The second *Powell* factor is also easily met here. To meet Powell's relevance requirement, the information sought by the IRS need only be potentially relevant to the legitimate purpose of the investigation. *Arthur Young & Co.*, 465 U.S. at 813–14. Records that might throw light upon the correctness of Runge's tax returns are sufficient to meet this requirement. *See id.* at 813. The Contested Summons seeks bank records and other information for accounts in the name of Runge between January 1, 2014 and December 31, 2021. The bank and financial records sought by the Contested Summons satisfy *Powell*'s relevance requirement

since such records might illuminate Runge's correct tax liability for 2014–2021. Chow Decl. at ¶ 8.

### 3. The Contested Summons, to the extent it seeks the Outstanding Documents, does not seek information already in possession of the IRS.

When RA Chow initially issued the Contested Summons, she had no knowledge of the Earlier Summons or that the IRS was already in possession of some of the documents responsive to the Contested Summons. It is true that parts of the Contested Summons seek information already within the control of the IRS, and the United States no longer seeks to pursue that information. But the Earlier Summons and the Contested Summons are not identical, and there are many documents responsive to the Contested Summons which are still not within the possession of the IRS.

As RA Chow's declaration establishes, the IRS is not in possession of many of the documents it requested in the Contested Summons, including copies of cancelled checks, loan applications, and cashier's checks and applications. Chow Decl. at ¶¶ 15, 21; *see also* Table 2, *supra*. And, to the extent they exist, the IRS is also not in possession of Runge's bank statements for all requested accounts for every period between January 1, 2014 and December 31, 2021. Dec. of Chow at ¶ 14. The Contested Summons, to the extent it seeks only these Outstanding Documents, does not seek information already in the possession of the IRS, so the Court should deny Runge's petition to quash to the extent it seeks to quash these portions of the Contested Summons. *See United States v. Doyle*, No. 07-2276-JWL, 2007 WL 2670057, at *7 (D. Kan. Sept. 7, 2007); *see also United States v. Davis*, 636 F.2d 1028, 1037 (5th Cir. 1981).

After all, this *Powell* factor, like the others, is only meant to help screen out those summonses which abuse the court's process. *See Powell*, 379 U.S. at 58. Since the IRS and United States have narrowed the Contested Summons to obtain only those documents not already in the possession of the IRS, the Contested Summons does not abuse the court's process. The

Court should therefore enforce these parts of the Contested Summons. *See Doyle*, 2007 WL 2670057, at *7; *see also Davis*, 636 F.2d at 1037.

### 4. The Contested Summons was issued in accordance with all the administrative steps required by the Internal Revenue Code.

The Contested Summons was issued in accordance with all the administrative steps required by the Internal Revenue Code. Chow Decl. at ¶ 22. RA Chow properly served the Contested Summons on First Bank Colorado by sending the summons by certified or registered mail to the last known address of the bank. Chow Decl. at ¶ 17; *see* 26 U.S.C. § 7603(b). She also gave timely notice to Runge of the summons. Chow Decl. at ¶ 18; *see* 26 U.S.C. § 7609(a).

\*\*\*

The United States, through RA Chow's declaration, has met its slight burden to establish that the Contested Summons was issued in good faith, at least to the extent that it seeks the Outstanding Documents.

### B. Runge cannot meet his burden to quash the portions of the Contested Summons which seek the Outstanding Documents.

Runge's primary argument for quashing the Contested Summons is that the summons is harassing and abusive since it seeks documents already in the possession of the IRS. ECF No. 1 at ¶ 10. But, as explained above, that is only partially true, and that issue is now moot. Many of the documents sought by the Contested Summons remain outstanding and are not within the IRS's possession, and it is only these portions of the Contested Summons that the IRS and United States seek to enforce. Runge cannot meet his burden to show that the Outstanding Documents are within the possession of the IRS.

In order to defeat the IRS's prima facie *Powell* showing, Runge must, at a minimum, produce sufficient *evidence* to show that the IRS is in fact in possession of the Outstanding Documents. *Standing Akimbo*, 955 F.3d at 1156. That he cannot do. Since conclusory statements are insufficient to create a genuine issue of material fact, *id.,* Runge cannot meet even a lesser

burden to quash the Contested Summons to the extent it seeks the Outstanding Documents, which are not in the possession of the IRS. Chow Decl. at ¶ 21. The Court should therefore enforce these parts of the Contested Summons. *See Doyle*, 2007 WL 2670057, at *7; *Davis*, 636 F.2d at 1037.

## CONCLUSION

The IRS has multiple ongoing examinations involving Runge. An IRS revenue agent issued a summons seeking Runge's bank records without knowing that a separate IRS employee had already issued a summons to the same bank in another examination and had obtained some records. Runge seeks to quash the entire Contested Summons, but that is not the appropriate remedy where, like here, the IRS possesses some, but not all, of the documents it seeks. The portions of the Contested Summons related to the Outstanding Documents remain enforceable, and as explained above the Court ought to enforce them.

For these reasons, the Court should summarily deny Runge's petition to quash and should enforce the Contested Summons as to the Outstanding Documents.

Respectfully submitted July 16, 2025.

*/s/ Connor J. Pestovich*
CONNOR J. PESTOVICH
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
*Tel*.   (202) 616-2378
*Fax*.   (202) 307-0054
Connor.Pestovich@usdoj.gov

*Counsel for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to counsel for all parties that have appeared in this action.

                                                            */s/ Connor J. Pestovich*  
                                                           CONNOR J. PESTOVICH  
                                                           Trial Attorney, Tax Division  
                                                           United States Department of Justice