**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:25-cv-01546-JLK

DAVID R. RUNGE,

      Plaintiff,

*v.*

UNITED STATES OF AMERICA,

      Defendant.

---

**DECLARATION OF IRS REVENUE AGENT YINNIE CHOW**

---

I, Yinnie Chow, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.      I am employed as a revenue agent of the Internal Revenue Service with a post of duty in San Mateo, California.

2.      The name "Yinnie Chow" is not my real name. It is a pseudonym I use in my official capacity as an employee of the IRS. This pseudonym—used for privacy and safety reasons—has been registered with the IRS in accordance with IRS policy (in Internal Revenue Manual 10.5.7), and all IRS procedures governing the use of pseudonyms have been followed.

3.      I am authorized to issue IRS summonses under Section 7602 of the Internal Revenue Code (Title 26 U.S.C.), Treasury Regulations, Section 301.7602-1, (26 C.F.R.) Subsections 301.7602-1(b) and 301.7603-1(b), and IRS Delegation Order No. 25-1.

4.      I am over eighteen years of age, and I am not a party to this case. I make this declaration in support of the United States' Motion for Partial Summary Denial of the Petition to Quash and for Partial Enforcement of IRS Summons.

1

5.      As a revenue agent, my duties include the examination of federal income tax returns and other information, excise, or specialty returns that have been filed or should have been filed by individual and entity taxpayers, including corporations, partnerships, and fiduciaries, in order to assist the IRS in determining the taxpayers' correct tax liability. In cases where the required returns are not filed, I also assist the IRS in investigating whether such returns should have been filed and determining the taxpayer's correct tax liability.

6.      In my capacity as a revenue agent, I am conducting an examination into the federal income tax liabilities of David A. Runge for 2014 through 2021.

7.      On March 19, 2025, I took over this examination from another revenue agent named Tony Giametti. The transferred casefile I received included limited bank statements from First Bank Colorado. These bank statements were provided by Runge in response to an Information Document Request (IDR) earlier in the examination. Critically, the casefile did not contain record of, or documents received in response to, any summons previously issued to First Bank Colorado.

8.      Based on the limited bank statements I did have from First Bank Colorado, I determined that First Bank Colorado may have relevant information and records needed to determine Runge's correct tax liability. First Bank Colorado is a third-party recordkeeper as defined in 26 U.S.C. § 7603(b)(2)(A). Runge was uncooperative in providing further documents or information related to accounts at First Bank Colorado.

9.      On April 28, 2025, I issued a summons to First Bank Colorado to obtain this information. A copy of this summons is located at ECF No. 1-2. After issuing this summons, I discovered some errors that needed correcting. So, the next day I reissued the summons to First Bank of Colorado. This April 29, 2025 summons, a true and correct copy of which is attached as Exhibit 1, is the correct summons at issue here and is referred to as the Contested Summons. A true and correct copy of the attachment to the Contested Summons is attached as Exhibit 2. The

2

Contested Summons sought all records for accounts in the name of Runge fitting within fourteen

categories of documents (e.g., monthly statements, signature cards, cancelled checks). *See*

Exhibit 2 at 2 (listing the fourteen category of documents).

10.     Prior to issuing this Contested Summons, the IRS notified Runge that it intended

to contact other people between January 7, 2025 and January 7, 2026 to obtain or verify

information relating to Runge's tax liability for 2014–2021. The IRS provided this notice by

sending Runge a Letter 3164-E on November 22, 2024. A true and correct copy of this letter is

attached as Exhibit 3.

11.     Unbeknownst to me at the time I issued the Contested Summons, the IRS had

already issued a summons to First Bank Colorado for documents related to Runge in a separate

but related examination into Runge's liability for promoter and preparer penalties. *See* 26 U.S.C.

§§ 6694, 6695, 6700, 6701, 6707, and 6708. This earlier summons, a copy of which is located at

ECF No. 1-1, is referred to as the Earlier Summons. I was not assigned to work on this separate

examination into Runge's civil liability for promoter or preparer penalties.

12.     First Bank Colorado provided bank statements to the IRS in response to the

Earlier Summons. But I did not learn about the Earlier Summons, or these bank statements, until

after I had issued the Contested Summons and Runge had petitioned this court to quash it. As

described in more detail below, although some of the documents requested in the Contested

Summons were already produced to the IRS in response to the Earlier summons, many of the

other documents are still outstanding.

13.     The first category of documents requested in the Contested Summons were

monthly bank statements for accounts in the name of Runge between January 1, 2014 and

December 31, 2021. Exhibit 2 at 2. Between the documents previously produced by First Bank

Colorado in response to the Earlier Summons and the documents produced by Runge in response

to the earlier IDR, it appears that the IRS has most, if not all, of the documents requested in this

3

first category of documents in the Contested Summons. Specifically, the IRS has the following

documents for First Bank Colorado accounts in the name of Runge:

| Account Number (Last Four) | Statements Provided by Runge in Response to IDR | Statements Provided by First Bank Colorado in Response to Earlier Summons |
|---|---|---|
| 0698 | 06.30.2017 - 12.31.2021 | 01.31.2014 – 03.31.2023 |
| 0736 | | 12.31.2013 – 07.29.2016 |
| 0744 | 06.30.2017 - 12.31.2021 | 12.31.2013 – 03.31.2023 |
| 2618 | | 12.02.2015 – 12.02.2015 |
| 2885 | | 11.30.2016 – 03.31.2021 |
| 4655 | 03.20.2020 - 12.15.2021 | 03.20.2020 – 04.28.2023 |
| 4779 | | 12.31.2013 – 07.31.2014 |
| 5740 | 06.30.2017 – 12.16.2021 | 12.31.2013 – 03.31.2023 |
| 9279 | 03.20.2020 - 12.16.2021 | 03.20.2020 – 03.16.2023 |
| 9287 | 06.30.2017 - 05.17.2021; 06.16.2021 - 12.16.2021 | 03.20.2020 – 01.31.2023 |

*Table 1*

14.    As shown in the Table 1, above, there are several accounts for which the IRS

does not have bank statements for every month between January 1, 2014 and December 31,

2021. For example, the IRS does not have the bank statement for January 1, 2014 through

January 30, 2014 for the account ending 0689. This may be for good reason. These bank

statements may not exist, for example, due to the account(s) being opened or closed between

January 1, 2014 through December 31, 2021. To the extent First Bank Colorado has bank

statements for these missing periods, the IRS seeks to enforce the Contested Summons to obtain

them since they are responsive to the Contested Summons and not currently in possession of the

IRS.

15.     Other than the first category of documents in the Contested Summons for monthly statements, the IRS has not received documents from First Bank Colorado responsive to the other thirteen categories. The IRS, however, is narrowing this summons and only seeks to enforce the summons on a subset of these remaining thirteen categories. Specifically, the IRS has not received, and seeks to enforce the summons to obtain, the following documents for all the accounts in the name of Runge at First Bank of Colorado:

| Requests to be Enforced | Corresponding Request in Contested Summons (ECF No. 1-2 at 3) |
|---|---|
| Deposit offsets (front and back) $500.00 or greater | Request #2 |
| Deposit tickets | Request #3 |
| Cancelled checks (front and back) $500.00 or greater | Request #4 |
| Debit and credit memos | Request #6 |
| Loan applications, including lines of credit, and all documents related to loan(s) | Request #7 |
| Cashier's checks and applications | Request #10 |
| Closing transaction on the account (check, wire transfer, etc. regardless of amount) | Request #14 |

*Table 2*

16.     This narrower class of documents described in Table 2 is referred to as the Outstanding Documents and also includes the monthly statements that may exist at First Bank Colorado but have not been previously produced to the IRS (described in more detail in paragraph 14, above).

5

17.     On April 29, 2025, I served copies of the Contested Summons described in paragraph 9, above, on First Bank Colorado by sending by certified or registered mail a duplicate original copy of the summons to 12345 West Colfax Avenue, Lakewood, Colorado 80215—the last known address of First Bank Colorado. A true and correct copy of the certificate of service with respect to the Contested Summons is attached as Exhibit 4.

18.     On the same date that I served the summons on First Bank Colorado—April 29, 2025—I provided notice of the summons to Runge.

19.     The Outstanding Documents may be relevant to determine Runge's correct tax liability for 2014 through 2021.

20.     As of the date of this declaration, First Bank Colorado has not produced the Outstanding Documents.

21.     The IRS does not already possess the Outstanding Documents.

22.     In issuing and serving the summons on First Bank Colorado, I followed the administrative steps required by the Internal Revenue Code.

23.     No Department of Justice referral, as defined by 26 U.S.C. § 7602(d), is in effect with respect to Runge for the tax periods under examination. Moreover, the Department of Justice has not made any request under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information (as those terms are defined in 26 U.S.C. § 6103(b)) relating to Runge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July ____, 2025.

Digitally signed by Yinnie Chow
Date: 2025.07.11
12:02:18 -07'00'

YINNIE CHOW
Revenue Agent
Internal Revenue Service

6